# Defendant's Notice of Removal

# Exhibit 1

**VIRGINIA:**

FILED
CIVIL INTAKE
2011 FEB -1 PM 2: 03
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | | |
|---|---|---|
| GREG STANTON | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. **2011-01425** |
| HUAWEI TECHNOLOGIES, CO., LTD. | ) | |
| Serve: State Corporation Commission | ) | |
| Tyler Building | ) | |
| 1300 E. Main St. | ) | |
| Richmond, Virginia 23219 | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Greg Stanton ("Plaintiff" and/or "Mr. Stanton") hereby sues Defendant Huawei Technologies, Co., LTD ("Defendant" and/or "Huawei") for the breach of Mr. Stanton's employment and commission compensation agreement.

## FACTS

1. Defendant Huawei is a leading telecom provider which focuses on with wireline, wireless and IP technologies, its products and solutions have been deployed in over 100 countries and have served 45 of the world's top 50 telecom operators, as well as one third of the world's population. The Defendant had sales of over $149 billion in 2009 and gross profit of over $58 billion.

2. Jurisdiction is proper in Virginia under Va. Code § 8.01-262(3) as defendant regularly and currently conducts substantial business activity herein.

3. Plaintiff began working for Huawei as an account manager in 2008.

1

4. Defendant agreed to pay Plaintiff compensation in the form of an annual salary plus commissions based on revenue generated from the sales of products and services of the company which Plaintiff generated.

5. In connection with the agreement to pay commissions to Plaintiff, Defendant agreed to prepare annually and supply to Plaintiff on or about the commencement of each year a Target Bonus Plan which set forth the terms under which the commission would be paid in the during the year.

6. In 2009, Defendant provided Plaintiff a Target Bonus Plan and pursuant to which he received commission payout of $47,857.14 for commission for sales revenue which he generated in the amount of $6.5 million.

7. Despite several requests Plaintiff was never provided with a written commission/bonus plan for 2010.

8. In 2010, Plaintiff generated sales revenue of $20 million dollars in sales for Defendant.

9. On June 30, 2010 Plaintiff submitted a letter of resignation with an effective date of July 8, 2010. In that letter Plaintiff made a written demand for payment wages and compensation due.

10. Despite generating sales in excess of $20 million, Defendant has refused to provide Plaintiff with a commission check reflecting the reasonable value of his services.

11. Defendant failed to pay Plaintiff his wages and compensation due upon the next regular payday.

12. Plaintiff at all times has at all times complied with all the terms and conditions of his employment agreement.

2

13. Defendant Huawei has refused to provide Plaintiff with his rightful and reasonable compensation and expense for his services to build, maintain and implement sales, contracts and projects throughout the company.

## COUNT I
### (Unjust Enrichment/Quantum Meriut)

15. Plaintiff hereby reincorporates by reference paragraphs 1-14 herein.

16. In 2010, Plaintiff generated sales revenue of $20 million dollars in sales for Defendant.

17. The reasonable value of Plaintiff's services is 3.5% of the sales revenue of $20,000,000

18. Defendant Huawei has been unjustly enriched in the amount $700,000 consisting of the commission due for the reasonable value of Plaintiff's services described above and the benefits provided to the business from plaintiff's service to the business.

19. As a direct and proximate result of the refusal of said Defendant to provide rightful and reasonable compensation for the services provided above, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendants Huawei for the relief set forth below:

    A. Awarding compensatory damages against Defendant, in favor of the Plaintiff in an amount not less than $700,000;

    B. Awarding Plaintiff costs and other disbursements of this suit, including without limitation; and

    C. Granting Plaintiff such other further relief as the Court may deem just and proper.

## COUNT II
### (Violation of C.R.S.A. § 8-4-109)

20. Plaintiff hereby reincorporates by reference paragraphs 1-19 herein.

21. Pursuant to C.R.S.A. § 8-4-109, Plaintiff's wages or compensation became due and payable upon the next regular payday.

22. Plaintiff made a demand for payment within sixty days of the date of separation.

23. In violation of C.R.S.A. § 8-4-109(3)(a.5) Defendant failed to respond within fourteen days of Plaintiff's demand.

24. Defendant sent notice to Plaintiff of compensation due Plaintiff on October 4, 2010 in the amount of $25,708.57. Defendant has failed to and refused to pay said sum amount to Plaintiff.

25. Defendant has failed to provide legal tender of the amount that the employer believes is due in the amount of $25,708.57 in violation of C.R.S.A. § 8-4-109(3)(d).

26. The sum of $25,708.57 set forth in the Notice of Sales Bonus Check is not the full amount due. The full amount due to Plaintiff is $700,000.

27. As a direct and proximate result of the refusal of said Defendant to provide rightful and reasonable compensation for the services provided above, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendants Huawei for the relief set forth below:

 A. Awarding compensatory damages against Defendant, in favor of the Plaintiff in an amount not less than $700,000;

4

B. Awarding Plaintiff penalties in the amount of $7,500 pursuant to C.R.S.A. § 8-4-109(3)(b)(I) and penalties in the amount of $433,750 pursuant to C.R.S.A. § 8-4-109(3)(b)(II);

C. Awarding Plaintiff costs, and other disbursements of this suit, including without limitation; and

D. Granting Plaintiff such other further relief as the Court may deem just and proper.

Respectfully submitted,

Nicholas H. Hantzes, Esq. (VSB # 23967)
Jessica P. Bunce, Esq. (VSB # 80183)
HANTZES & ASSOCIATES
1749 Old Meadow Road
Suite 308
McLean, VA 22102
Tel: 703-378-5000
Facsimile: 703-448-4434

## JURY DEMAND

Plaintiff hereby demands a jury on all issues and proceedings in which it is entitled to a jury.

Nicholas H. Hantzes

5